1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9              SOUTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| THE MARINE GROUP, LLC dba MARINE BOAT WORKS and NATIONAL UNION FIRE INSURANCE COMPANY OF PITTS-BURGH, PENNSYLVANIA,<br><br>                                    Plaintiffs,<br><br>            v.<br><br>MARINE TRAVELIFT, INC., OLSON FABRICATION, INC., ALL-LIFT SYSTEMS, INC., and DOES 1-20,<br><br>                                    Defendants. | Civil No.    10cv846-BTM (CAB)<br><br>**CASE MANAGEMENT CONFERENCE ORDER REGULATING DISCOVERY AND OTHER PRETRIAL PROCEEDINGS**<br><br> **(Fed. R. Civ. P. 16)**<br> **(Local Rule 16.1)**<br> **(Fed. R. Civ. P. 26)** |

18

19          Pursuant to Rule 16 of the Federal Rules of Civil Procedure, a Case Management

20   Conference was held on July 29, 2010.  After consulting with the attorneys of record for the

21   parties and being advised of the status of the case, and good cause appearing, IT IS HEREBY

22   ORDERED:

23          1.      The parties' proposal regarding service limitations on interrogatories and

24   depositions is adopted.

25          2.      Any motion to join other parties, to amend the pleadings, or to file additional

26   pleadings shall be filed on or before **August 30, 2010**.

27          3.      On or before **April 1, 2011**, all parties shall exchange with all other parties a list of

28   all expert witnesses expected to be called at trial pursuant to Fed. R. Civ. P. 26(a)(2)(A).  The list

1

1    shall include the name, address, and phone number of the expert and a brief statement identifying

2    the subject areas as to which the expert is expected to testify.  The list shall also include the

3    normal rates the expert charges for deposition and trial testimony.  On or before **April 22, 2011**,

4    any party may supplement its designation in response to any other party's designation so long as

5    that party has not previously retained an expert to testify on that subject.

6            4.      Each expert witness designated by a party shall prepare a written report to be

7    provided to all other parties **no later than July 20, 2011**, containing the information required by

8    Fed. R. Civ. P. 26(a)(2)(B).

9            **Except as provided in the paragraph below, any party that fails to make these**

10   **disclosures shall not, absent substantial justification, be permitted to use evidence or**

11   **testimony not disclosed at any hearing or at the time of trial.  In addition, the Court may**

12   **impose sanctions as permitted by Fed. R. Civ. P.  37(c).**

13           5.      Any party, through any expert designated, shall in accordance with Fed. R. Civ. P.

14   26(a)(2)(C) and Fed. R. Civ. P. 26(e), supplement any of its expert reports regarding evidence

15   intended solely to contradict or rebut evidence on the same subject matter identified in an expert

16   report submitted by another party.  Any such supplemental reports are due on or before **August 3,**

17   **2011**.

18           6.      All fact discovery shall be completed on or before **May 31, 2011**.  All expert

19   discovery shall be completed on or before **August 31, 2011**.  *"Completed"* means that all

20   discovery under Rules 30-36 of the Federal Rules of Civil Procedure must be initiated a sufficient

21   period of time in advance of the cut-off date, so *that it may be completed* by the cut-off date,

22   taking into account the times for services, notice, and response as set forth in the Federal Rules of

23   Civil Procedure.  All discovery motions must be filed within 30 days of the service of an

24   objection, answer or response which becomes the subject of dispute or the passage of a discovery

25   due date without response or production, and only after counsel have met and conferred and have

26   reached impasse with regard to the particular issue.  Counsel shall refer to Judge Bencivengo's

27   chambers rules for handling discovery disputes, which are available at the Court's website.

28   / / /

1    7.    All motions, other than motions to amend or join parties, or motions in limine,

2    shall be **FILED** on or before **September 30, 2011**.

3    Please be advised that counsel for the moving party must obtain a motion hearing date

4    from the law clerk of the judge who will hear the motion.  Be further advised that the period of

5    time between the date you request a motion date and the hearing date may vary from one judge to

6    another.  Please plan accordingly.  For example, you may need to contact the judge's law clerk in

7    advance of the motion cut-off to assess the availability of the Court's calendar.  **Failure of**

8    **counsel to timely request a motion date may result in the motion not being heard.**

9    8.    Briefs or memoranda in support of or in opposition to any pending motion shall

10    not exceed twenty-five (25) pages in length without permission of the judge or magistrate judge

11    who will hear the motion.  No reply memorandum shall exceed ten (10) pages without leave of the

12    judge or magistrate judge who will hear the motion.

13    9.    Mandatory Settlement Conferences shall be conducted on **November 4, 2010**, at

14    **2:00 p.m.** and **June 6, 2011**, at **10:00 a.m.** in the chambers of Magistrate Judge Cathy Ann

15    Bencivengo.  Counsel shall submit **confidential** settlement statements **directly to chambers** no

16    later than **October 28, 2010** for the November 4, 2010 conference and **May 31, 2011** for the

17    June 6, 2011 conference.  Each party's settlement statement shall set forth the party's statement of

18    the case, identify controlling legal issues, concisely set out issues of liability and damages, and

19    shall set forth the party's settlement position, including the last offer or demand made by that

20    party, and a separate statement of the offer or demand the party is prepared to make at the

21    settlement conference.  **Settlement conference briefs shall not be filed with the Clerk of the**

22    **Court, nor shall they be served on opposing counsel.**  Please note settlement conference briefs

23    shall be submitted by courier directly to chambers, not faxed or emailed.

24    10.    Pursuant to Local Civil Rule 16.3, all party representatives and claims adjusters

25    for insured defendants with full and unlimited authority[1] to negotiate and enter into a binding

26

27    [1]  "Full authority to settle" means that the individuals at the settlement conference must be
authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable
28    to the parties.  <u>Heileman Brewing Co., Inc. v. Joseph Oat Corp.</u>, 871 F.2d 648 (7th Cir. 1989).  The person
needs to have "unfettered discretion and authority" to change the settlement position of a party.  <u>Pitman v.</u>

1    settlement, as well as the principal attorney(s) responsible for the litigation, must be present and

2    legally and factually prepared to discuss and resolve the case at the mandatory settlement

3    conference.  Retained outside corporate counsel <u>shall not</u> appear on behalf of a corporation as the

4    party who has the authority to negotiate and enter into a settlement.  Failure to attend the

5    conference or obtain proper excuse will be considered grounds for sanctions.

6         11.    In order to identify the claims to be tried and eliminate delay and surprise at trial,

7    the Court enters the following pretrial order pursuant to Fed. R. Civ. P. 16.  This order replaces the

8    requirements under Local Rule 16.1(f)(6)(c).  No Memoranda of Law or Contentions of Fact are to

9    be filed except in a bench trial.

10        12.    All parties or their counsel shall fully comply with the Pretrial Disclosure

11   requirements of Fed. R. Civ. P. 26(a)(3) on or before **November 2, 2011**.  **Failure to comply with**

12   **these disclosures requirements could result in evidence preclusion or other sanctions under**

13   **Fed. R. Civ. P. 37.**

14        13.    Pursuant to Local Civil Rule 16.1(f)(4), on or **before November 9, 2011** the

15   parties shall meet and confer and prepare a proposed pretrial order containing the following:

16        a.    A statement to be read to the jury, not in excess of one page, of the nature

17   of the case and the claims and defenses.

18        b.    A list of the causes of action to be tried, referenced to the Complaint and

19   Counterclaim.  For each cause of action, the order shall succinctly list the elements of the claim,

20   damages and any defenses.  A cause of action in the Complaint and/or Counterclaim which is not

21   listed shall be dismissed with prejudice.

22        c(i).    A list of each witness counsel actually expect to call at trial with a brief

23   statement, not exceeding four sentences, of the substance of the witnesses' testimony.

24        c(ii).    A list of each expert witness counsel actually expect to call at trial with a

25   brief statement, not exceeding four sentences, of the substance of the expert witnesses' testimony.

26   _____

27   <u>Brinker Intl., Inc.</u>, 216 F.R.D. 481, 485-486 (D. Ariz. 2003).  The purpose of requiring a person with
     unlimited settlement authority to attend the conference includes that the person's view of the case may be
28   altered during the face to face conference.  <u>Id.</u> at 486.  A limited or a sum certain of authority is not
     adequate.  <u>Nick v. Morgan's Foods, Inc.</u>, 270 F.3d 590 (8th Cir. 2001).

1           c(iii).   A list of additional witnesses, including experts, counsel do not expect to

2 call at this time but reserve the right to call at trial along with a brief statement, not exceeding four

3 sentences, of the substance of the witnesses' testimony.

4           d(i).   A list of all exhibits that counsel actually expect to offer at trial with a

5 one-sentence description of the exhibit.

6           d(ii).   A list of all other exhibits that counsel do not expect to offer at this time

7 but reserve the right to offer if necessary at trial with a one-sentence description of the exhibit.

8           e.   A statement of all facts to which the parties stipulate.  This statement shall

9 be on a separate page and will be read to and provided to the jury.  The parties are directed to meet

10 with the assigned magistrate judge to work out as many stipulations of fact as possible.

11           f.   A list of all deposition transcripts by page and line, or videotape

12 depositions by section, that will be offered at trial.

13           g.   In addition to filing proposed jury instructions in accordance with Fed. R.

14 Civ. P. 51 and CivLR 51.1, the parties shall e-mail the proposed instructions in Word or

15 Wordperfect form to Chambers.  If a party disagrees with a particular instruction, the party shall

16 submit an alternate instruction.

17     The Court encourages the parties to consult with the assigned magistrate judge to work

18 out any problems in preparation of the proposed pretrial order.  The court will entertain any

19 questions concerning the conduct of the trial at the pretrial conference.  Counsel for the plaintiff

20 has the duty of arranging for meetings of counsel and for preparation of the Pretrial Order

21 mandated by Civil Local Rule 16.1(f)(6)(c).

22     14.   Counsel for plaintiff will be responsible for preparing the pretrial order and

23 arranging the meetings of counsel pursuant to Civil Local Rule 16.1(f).  On or before

24 **November 16, 2011**, plaintiff's counsel must provide opposing counsel with the proposed pretrial

25 order for review and approval.  Opposing counsel must communicate promptly with plaintiff's

26 attorney concerning any objections to form or content of the pretrial order, and both parties should

27 attempt promptly to resolve their differences, if any, concerning the order.

28 / / /

10cv846

1    15.    The proposed final pretrial conference order, including objections counsel have to

2  any other parties' Fed. R. Civ. P. 26(a)(3) Pretrial Disclosures shall be prepared, served and

3  lodged with Judge Moskowitz's chambers on or before **November 23, 2011**, and shall be in the

4  form prescribed in and in compliance with Local Rule 16.1(f)(6).  Counsel shall also bring a court

5  copy of the pretrial order to the pretrial conference.

6    16.    The final pretrial conference shall be held before the <u>Honorable Barry Ted</u>

7  <u>Moskowitz</u>, United States District Court Judge, on **November 30, 2011**, at **3:30 p.m.**

8    17.    The dates and times set forth herein will not be modified except for good cause

9  shown.

10    18.    Plaintiff's counsel shall serve a copy of this order on all parties that enter this case

11  hereafter.

12

13  DATED:  August 2, 2010

14

15  **CATHY ANN BENCIVENGO**
United States Magistrate Judge

16

17

18

19

20

21

22

23

24

25

26

27

28

10cv846