# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARINE GROUP, LLC, et al.,<br><br>                        Plaintiffs,<br>  v.<br>MARINE TRAVELIFT, INC., et al.,<br><br>                       Defendants. | Case No. 10cv846-BTM (CAB)<br><br>**ORDER RE MOTION FOR LEAVE TO AMEND COMPLAINT** |

      Plaintiffs move, pursuant to Fed. R. Civ. P. 15, for leave to file a first amended complaint to add as defendants ExacTech, Inc., Just In Time Corp., and Southern Weaving Company. Defendant All-Lift Systems, Inc. does not oppose this motion. Defendant Marine Travelift opposes this motion insofar as Plaintiffs seek to add ExacTech.

      Under Rule 15(a), courts are to apply the policy of free amendment of pleadings with extreme liberality. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). When determining whether to grant leave to amend, a court should consider the following factors: (1) undue delay; (2) bad faith; (3) futility of amendment; and (4) prejudice to the opposing party. *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003).

      Plaintiffs' motion was filed before the first amended case management order's deadline to file motions to amend the pleadings and therefore is timely. Plaintiffs state that through discovery, they identified ExacTech, Just in Time, and Southern Weaving as additional companies who manufactured, designed, supplied, and distributed failed

components of the boat hoist and boat handling equipment at issue in this lawsuit. The Court finds no bad faith in Plaintiffs' request to add these companies as defendants.

Marine Travelift opposes amendment as futile because it contends that the structural components fabricated by ExacTech did not "in any way contribute[] to the incident." (Opp. at 2.) Where, as here, discovery is ongoing, a proposed amendment is futile "only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). Marine Travelift's argument that it expects ExacTech to be successful in a motion to dismiss does not meet this standard.

Finally, Marine Travelift argues that it will be prejudiced because some of its executives, who also serve as executives of ExacTech, will be subjected to additional depositions and because it will have to respond to additional document requests. This argument lacks merit. Prejudice related to the opposing party's burden of undertaking discovery is not sufficient to warrant denial of a motion to amend a pleading. *See United States on behalf of Maritime Admin. v. Continental Illinois Nat'l Bank & Trust Co.*, 889 F.2d 1248, 1255 (2d Cir. 1989).

Accordingly, under the liberal pleading standards of Rule 15, the Court exercises its discretion to **GRANT** Plaintiffs leave to amend their complaint to add as defendants ExacTech, Just in Time, and Southern Weaving. The parties shall contact the chambers of the magistrate judge assigned to this case to obtain an amended case management order.

**IT IS SO ORDERED.**

Dated: September 19, 2011

**HONORABLE BARRY TED MOSKOWITZ**
United States District Judge