1  RUSSELL P. BROWN (SBN: 084505)
   GORDON & REES LLP
2  101 W. Broadway, Suite 2000
   San Diego, California 92101
3  Telephone: (619) 696-6700
   Facsimile: (619) 696-7124
4  E-mail: RBrown@gordonrees.com
   Attorneys for Plaintiffs THE MARINE GROUP, LLC dba
5  MARINE GROUP BOAT WORKS and NATIONAL UNION
   FIRE INSURANCE CO. OF PITTSBURGH, PENNSYLVANIA
6

7

8                **UNITED STATES DISTRICT COURT**

9                **SOUTHERN DISTRICT OF CALIFORNIA**

10 | THE MARINE GROUP, LLC dba MARINE GROUP BOAT WORKS and NATIONAL UNION FIRE INSURANCE CO. OF PITTSBURGH, PENNSYLVANIA, | CASE NO. 10-CV-00846-BTM-CAB |
|---|---|

   THE MARINE GROUP, LLC dba MARINE
   GROUP BOAT WORKS and NATIONAL
11 UNION FIRE INSURANCE CO. OF
   PITTSBURGH, PENNSYLVANIA,
12                          Plaintiffs

13         v.
   MARINE TRAVELIFT, INC., a Wisconsin
   Corporation; ALL-LIFT SYSTEMS, INC., a
14 Wisconsin Corporation; OLSEN
   FABRICATION, INC., a Wisconsin
15 Corporation; EXACTECH, INC. (aka ExacTech
   Inc.), a Wisconsin Corporation; JUST IN TIME
16 CORPORATION (aka JUST IN TIME CORP.,
   JIT, JIT CORP. JIT CORPORATION., a
17 Wisconsin Corporation; SOUTHERN
   WEAVING COMPANY, a South Carolina
18 Corporation; and DOES 4-20,
                          Defendants.
19

20 MARINE TRAVELIFT, INC.,
                          Counterclaimant
21         v.
   THE MARINE GROUP, LLC dba MARINE
22 BOAT WORKS,
                          Counterdefendant.
23

**CASE NO. 10-CV-00846-BTM-CAB**

**FIRST AMENDED COMPLAINT**

1.  **NEGLIGENCE**
2.  **STRICT LIABILITY – DESIGN AND MANUFACTURING DEFECT**
3.  **STRICT LIABILITY – FAILURE TO WARN**
4.  **BREACH OF EXPRESS WARRANTY**
5.  **BREACH OF IMPLIED WARRANTIES OF MERCHANTABILITY AND FITNESS FOR A PARTICULAR PURPOSE**
6.  **EQUITABLE COMPARATIVE INDEMNITY**
7.  **EQUITABLE SUBROGATION**
8.  **DECLARATORY RELIEF**

**DEMAND FOR JURY TRIAL**

24       COME NOW Plaintiffs THE MARINE GROUP, LLC dba MARINE GROUP BOAT

25 WORKS (hereinafter "Marine Group") and NATIONAL UNION FIRE INSURANCE CO. OF

26 PITTSBURGH, PENNSYLVANIA, as subrogated underwriter of Marine Group (collectively,

27 hereinafter "Plaintiffs"), and for their First Amended Complaint against Defendants MARINE

28 TRAVELIFT, INC.,  ALL-LIFT SYSTEMS, INC., OLSON FABRICATION, INC.,

*Gordon & Rees LLP
101 W. Broadway
Suite 2000
San Diego, CA 92101*

-1-

EXACTECH, INC. (aka ExacTech Inc.), JUST IN TIME CORP. (aka JUST IN TIME CORP.,
JIT, JIT CORP. JIT CORPORATION), SOUTHERN WEAVING COMPANY, and DOES 4-20
(collectively, "Defendants") allege as follows:

### GENERAL ALLEGATIONS

1.      Plaintiff Marine Group is a California Limited Liability Company, with its
principal place of business within the City of Chula Vista, County of San Diego, California.

2.      Plaintiff National Union Fire Insurance Co. of Pittsburgh, Pennsylvania is a
Pennsylvania corporation with its principal place of business in New York, New York.

3.      Plaintiffs are informed and believe that Defendant Marine Travelift was, at all
relevant times mentioned herein, a Wisconsin corporation, with its principal place of business in
Sturgeon Bay, Wisconsin, and doing business in San Diego County, California.

4.      Plaintiffs are informed and believe and on that basis allege that Defendant All-Lift
Systems, Inc. was, at all relevant times mentioned herein, a Wisconsin corporation, with its
principal place of business in Appleton, Wisconsin, and doing business in San Diego County,
California.

5.      Plaintiffs are informed and believe and on that basis allege that Defendant Olson
Fabrication, Inc. was, at all relevant times mentioned herein, a Wisconsin corporation, with its
principal place of business in Algoma, Wisconsin, and doing business in San Diego County,
California.

6.      Plaintiffs are informed and believe that Defendant EXACTECH, INC. (aka
ExacTech Inc.), originally named herein as DOE 1, was, at all relevant times mentioned herein, a
Wisconsin corporation, with its principal place of business in Sturgeon Bay, Wisconsin, and
doing business in San Diego County, California

7.      Plaintiffs are informed and believe that Defendant JUST IN TIME CORP. (aka
JUST IN TIME CORP., JIT, JIT CORP. JIT CORPORATION), originally named herein as DOE
2, was, at all relevant times mentioned herein, a Wisconsin corporation, with its principal place
of business in Sturgeon Bay, Wisconsin, and doing business in San Diego County, California.

///

FIRST AMENDED COMPLAINT
Case No. 10-CV 00846-BTM-CAB

Gordon & Rees LLP
101 W. Broadway
Suite 2000
San Diego, CA 92101

1    8.    Plaintiffs are informed and believe that Defendant Southern Weaving Company.

2    originally named herein as DOE 3, was, at all relevant times mentioned herein, a South Carolina

3    corporation, with its principal place of business in Greenville, South Carolina, and doing

4    business in San Diego County, California.

5    9.    Plaintiffs are informed and believe that Defendants named herein and DOES 4

6    through 20, inclusive, and each of them, were, at all times mentioned herein, individuals, sole

7    proprietorships, partnerships, registered professionals, corporations, and/or other legal entities

8    doing business in the State of California.

9    10.    Plaintiffs are presently unaware of the true names or capacities of defendants

10    named herein as DOES 4 through 20, inclusive, and Plaintiffs will seek leave of court to allege

11    their true names and capacities after the same have been ascertained.  Plaintiffs are informed and

12    believe that each of the defendants named herein, as well as DOES 4 through 20, inclusive, and

13    each of them, dispute Plaintiffs' contentions herein and are legally responsible for the acts and

14    omissions alleged herein and actually and proximately caused and contributed to the various

15    damages alleged herein.

16    11.    At all relevant times, Defendants, and each of them, were the agents, successors,

17    assigns, alter egos, employees, joint venturers, shareholders, directors, officers, financial partners

18    and/or partners of each of the other Defendants and, in doing the things alleged herein, were

19    acting within the course and scope of that agency or relationship or were otherwise responsible

20    for the wrongs alleged herein.

21    12.    Defendants, and each of them, have been by presence, domicile, residence,

22    principal place of business, doing business in the State of California, doing the acts in the State

23    of California, conduct causing acts, events or effects in the State of California, by having

24    sufficient contacts with the State of California, and/or by consent and express agreement have

25    submitted and subjected themselves to the venue and personal jurisdiction of this Court.

26    13.    Plaintiff Marine Group is a full-service boat and superyacht repair facility on San

27    Diego Bay in Chula Vista, California.  Its services include repair, retrofit, conversion, and

28    custom painting for boats, superyachts and military and commercial vessels up to 665 tons.

-3-

Gordon & Rees LLP
101 W. Broadway
Suite 2000
San Diego, CA 92101

14.     Plaintiff National Union Fire Insurance Company of Pittsburgh, Pennsylvania ("National Union") issued to Marine Group a policy of commercial general liability insurance that was in full force and effect at all times mentioned herein ("the policy"), insuring Marine Group against the risk, among others, of loss or damage to property during its business operations.  Under the terms of said policy and in consideration of past, present, and future payments by National Union to or on behalf of Marine Group, that National Union had a duty to pay, has paid, or will pay pursuant to the policy, National Union is contractually, equitably, and legally subrogated to all rights, claims and interests for reimbursed amounts against any person or entity that may be liable for causing said damage.

15.     This dispute arises from the failure of a MGBW Model 600C Marine Travelift boat hoist and boat handling equipment which was sold to Plaintiff Marine Group by Defendant Marine Travelift.  On information and belief, the MGBW Model 600C Marine Travelift boat hoist and boat handling equipment, including its component parts, were manufactured, designed, supplied, sold, and distributed by Defendants Marine Travelift,  All-Lift Systems, Inc., Exactech, Just-In-Time, Southern Weaving, and DOES 4 through 20, inclusive, and each of them.

16.     On or about January 19, 2009, Marine Group was lifting the motor yacht M/Y KATRION, LR Number 1007251 ("Vessel") at the Marine Group repair facility in Chula Vista, California using the MGBW Model 600C Marine Travelift boat hoist and boat handling equipment.  The MGBW Model 600C Marine Travelift boat hoist and boat handling equipment had been rigged properly in a standard configuration, using slings, pins, aluminum sling connectors, and other equipment and lifting gear designed, manufactured, and/or sold to Marine Group by Marine Travelift, and was being operated in accordance with the Operation and Maintenance Manual and training provided by Marine Travelift and within its rated capacity.

17.     The haulout proceeded to the point that the Vessel was lifted completely out of the water, at which time, due to the wrongful and tortious acts and omissions of Defendants and the faulty equipment designed, manufactured, and supplied by Defendants, the rear lift slings parted in the center, allowing the Vessel's stern to suddenly drop into the water.  Thereafter, the bow of the Vessel slipped out of its hoisting slings and allided with the top corner of the concrete

-4-

1  sea wall prior to sliding into the water.  As a result of the incident, the Vessel allegedly sustained

2  extensive hull, machinery and equipment damage and the MGBW Model 600C Marine Travelift

3  boat hoist and boat handling equipment sustained serious damage, and Plaintiff Marine Group

4  suffered damage to its property.

5       18.    MGBW Model 600C Marine Travelift boat hoist and boat handling equipment

6  and its component parts failed because of the wrongful and tortious acts of Defendants, and each

7  of them, including but not limited to Defendants' improper design, manufacture, supply,

8  instructions, testing, warnings, and other wrongful acts that proximately caused the failure of the

9  MGBW Model 600C Marine Travelift boat hoist and boat handling equipment, including its

10  component parts.

11       19.    As a proximate result of the incident, Plaintiff Marine Group has suffered,

12  continues to suffer, and/or will suffer damage, including but not limited to the costs of repairing

13  the Vessel, compensating the owner of the Vessel for loss of use of the Vessel, crew wages for

14  the Vessel's crew, towing charges, surveyor fees and costs, and other damages related to the

15  damage to the Vessel.  Plaintiff Marine Group has sustained and is continuing to sustain further

16  damages by undertaking to repair damage to the Vessel caused by the failure of the MGBW

17  Model 600C Marine Travelift boat hoist and boat handling equipment and its component parts.

18  The owners of the Vessel have assigned to Plaintiff Marine Group their rights, title, and interest

19  in and to certain rights, claims, causes of action and actions against Defendants with regard to the

20  damages set forth above, including but not limited the damage to the Vessel and the costs for

21  repair of the Vessel.  Plaintiff Marine Group seeks recovery of said damages by way of equitable

22  indemnity as well as the assignment of rights by the owners of the Vessel.

23       20.    As a proximate result of the incident, Plaintiff Marine Group has also suffered

24  damages relating to the cost and fees incurred by to repair the MGBW Model 600C Marine

25  Travelift boat hoist and boat handling equipment, loss of use of Marine Group's boat yard, loss

26  of profits, and loss of business goodwill, as well as other damages according to proof.

27       21.    Pursuant to the policy, Plaintiff National Union has made, continues to make, and

28  will make payments to or on behalf of Plaintiff Marine Group in partial compensation for certain

Gordon & Rees LLP
101 W. Broadway
Suite 2000
San Diego, CA 92101

-5-

FIRST AMENDED COMPLAINT
Case No. 10-CV 00846-BTM-CAB

Gordon & Rees LLP
101 W. Broadway
Suite 2000
San Diego, CA 92101

1    of the above-described damages, all of which were proximately caused by Defendants' wrongful

2    and tortious acts and omissions, and it sues in subrogation to recover said damages.

3          22.     The precise amount of the damages suffered by Plaintiffs is presently unknown,

4    but will be proved at trial; Plaintiffs are informed and believe that the amount of their damages

5    exceeds the minimum jurisdictional requirement of this Court.

6                              **FIRST CAUSE OF ACTION**

7               (Negligence Against All Defendants Including DOES 4-20, Inclusive)

8          23.     Plaintiffs reallege and incorporate by this reference, as though fully set forth

9    herein, Paragraphs 1-20 above, inclusive.

10         24.     Defendants, including DOES 4-20, inclusive, and each of them, were the

11   designers, manufacturers, suppliers, and/or participated in the development, design, instructions

12   for use, and/or supply of the MGBW Model 600C Marine Travelift boat hoist and boat handling

13   equipment, including its component parts, used by Marine Group as set forth above.  Defendants,

14   and each of them, owed Plaintiffs a duty to exercise due care in the manufacture, design,

15   development, instructions for use, warnings for use, and supply of such equipment.

16         25.     Plaintiffs are informed and believe and thereon allege that Defendants, and each

17   of them, breached their duties of care to Plaintiffs by negligently designing, manufacturing,

18   creating instructions for use, warnings for use, and/or supplying the MGBW Model 600C Marine

19   Travelift boat hoist and boat handling equipment, including its component parts, used by Marine

20   Group during haulout of the Vessel as described above.

21         26.     At all times herein, Plaintiff Marine Group used the MGBW Model 600C Marine

22   Travelift boat hoist and boat handling equipment, including its component parts, in manner

23   reasonably foreseeable to Defendants.

24         27.     Defendants' negligent acts and omissions were a substantial factor in causing

25   harm to Plaintiffs as alleged herein.

26         28.     As a proximate result of the negligent acts and omissions of Defendants, and each

27   of them, Plaintiffs have suffered damages in an amount precisely unknown but which amount

28   Plaintiffs are informed and believe will exceed the jurisdictional minimum requirement for this

-6-

1    court.

2    ## SECOND CAUSE OF ACTION

3    (Strict Products Liability – Design and Manufacturing Defect Against All Defendants Including
     DOES 4-20, Inclusive)
4

5         29.    Plaintiffs reallege and incorporate by this reference, as though fully set forth

6    herein, Paragraphs 1-26 above, inclusive.

7         30.    Plaintiffs are informed and believe and thereon allege that at all times herein

8    mentioned, Defendants, including DOES 4-20, inclusive, and each of them, designed,

9    manufactured, supplied, distributed, and/or sold the MGBW Model 600C boat hoist and boat

10   handling equipment and its component parts, including but not limited to slings, pins, aluminum

11   sling connectors, spreaders and other equipment and lifting gear, supplied to Plaintiff Marine

12   Group.

13        31.    Plaintiffs are informed and believe and thereon allege that the MGBW Model

14   600C Marine Travelift boat hoist and boat handling equipment were defective at the time they

15   left Defendants' control because they were manufactured, designed, supplied, and/or sold in such

16   a manner that the MGBW Model 600C boat hoist and boat handling equipment failed to perform

17   as safely as an ordinary user would expect when used in a reasonably foreseeable manner, with

18   defects that affect or concern the structural integrity and fitness of the MGBW Model 600C

19   Marine Travelift boat hoist and boat handling equipment for their intended purpose, and because

20   they failed to comply with industry standards.

21        32.    At the time of use, the MGBW Model 600C boat hoist and boat handling

22   equipment and its component parts were substantially the same as when they left Defendants'

23   possession.  Any changes to the MGBW Model 600C boat hoist and boat handling equipment

24   and its component parts were pursuant to instructions of Defendants and/or were reasonably

25   foreseeable to Defendants.  At all times herein, Plaintiff Marine Group used the MGBW Model

26   600C boat hoist and boat handling equipment and its component parts in a manner that was

27   reasonably foreseeable to Defendants.

28        33.    Plaintiffs are informed and believe and thereon allege that the MGBW Model

Gordon & Rees LLP
101 W. Broadway
Suite 2000
San Diego, CA 92101

-7-

600C Marine Travelift boat hoist and boat handling equipment, including its component parts, were defectively designed and manufactured at the time they left Defendants' control, because they did not perform as safely as an ordinary consumer would have expected when used in a manner reasonably foreseeable to Defendants, and because the risks of the MGBW Model 600C Marine Travelift boat hoist and boat handling equipment, including its component parts, outweighed the benefits thereof.  The defects in the MGBW Model 600C Marine Travelift boat hoist and boat handling equipment and its component parts affected and/or concerned the structural integrity and fitness of the MGBW Model 600C Marine Travelift boat hoist and boat handling equipment and its component parts, which failed to perform safely and/or to comply with industry standards.

34.    The design and manufacturing defects in the MGBW Model 600C Marine Travelift boat hoist and boat handling equipment and its component parts were a substantial factor in causing harm to Plaintiffs as alleged herein.  As a direct and proximate result of the defects, Plaintiffs have and will suffer damages as alleged herein, in an amount precisely unknown but which will be proved at trial and which amount Plaintiffs are informed and believe will exceed the jurisdictional minimum requirement for this court.

### THIRD CAUSE OF ACTION

(Strict Products Liability – Failure to Warn Against All Defendants Including DOES 4-20, Inclusive)

35.    Plaintiffs reallege and incorporate by this reference, as though fully set forth herein, Paragraphs 1-32 above, inclusive.

36.    Plaintiffs are informed and believe and thereon allege that the MGBW Model 600C boat hoist and boat handling equipment and its component parts, including but not limited to slings, pins, aluminum sling connectors, and other equipment and lifting gear, which were manufactured, distributed, designed, supplied, and/or sold by Defendants, including DOES 4-20, inclusive, and each of them, were defective as a result of Defendants' failure to provide adequate warnings for the use, repair, maintenance, and/or handling of the MGBW Model 600C boat hoist and boat handling equipment and its component parts.

-8-

Gordon & Rees LLP
101 W. Broadway
Suite 2000
San Diego, CA 92101

Gordon & Rees LLP
101 W. Broadway
Suite 2000
San Diego, CA 92101

37.     The MGBW Model 600C boat hoist and boat handling equipment and its component parts had potential risks and dangers which were known or knowable to Defendants at the time of manufacture, distribution, design, and/or sale thereof, which presented a substantial danger that Defendants knew or should have known would not have been recognized by ordinary users and consumers of the MGBW Model 600C boat hoist and boat handling equipment and its component parts.

38.     Defendants failed to provide adequate warnings or instructions for the safe use, repair, maintenance, and/or handling of such MGBW Model 600C Marine Travelift boat hoist and boat handling equipment.

39.     The MGBW Model 600C boat hoist and boat handling equipment and its component parts were used by Plaintiff Marine Group in a way that was reasonably foreseeable to Defendants.

40.     Defendants' defective warnings were a substantial factor in causing harm to Plaintiffs as alleged herein. As a direct and proximate result of Defendants' defective warnings and instructions as set forth above, Plaintiffs have and will suffer damages in an amount precisely unknown but which will be proved at trial and which amount Plaintiffs are informed and believe will exceed the jurisdictional minimum requirement for this court.

**FOURTH CAUSE OF ACTION**

(Breach of Express Warranty Against All Defendants Including DOES 4-20, Inclusive)

41.     Plaintiffs reallege and incorporate by this reference, as though fully set forth herein, Paragraphs 1-38 above, inclusive.

42.     Plaintiffs are informed and believe and thereon allege that Defendants, including DOES 1-20, inclusive, and each of them, made statements of fact and promises to Plaintiff Marine Group that the MGBW Model 600C boat hoist and boat handling equipment and its component parts, including but not limited to slings, pins, aluminum sling connectors, and other equipment and lifting gear, were free from defects and would function safely and effectively when used to hoist boats such as the Vessel. Plaintiff Marine Group relied on these representations in purchasing the MGBW Model 600C boat hoist and boat handling equipment

-9-

1   and its component parts.

2         43.     The MGBW Model 600C boat hoist and boat handling equipment and its

3   component parts did not perform as stated or promised, because they contained defects that

4   affected or concerned the structural integrity and fitness of the MGBW Model 600C Marine

5   Travelift boat hoist and boat handling equipment and component parts which rendered the

6   products unsafe and ineffective when used in a reasonably foreseeable manner for their intended

7   purpose, and because they furthermore failed to comply with industry standards.

8         44.     Plaintiffs took reasonable steps to notify Defendants within a reasonable time that

9   the MGBW Model 600C boat hoist and boat handling equipment and its component parts were

10  not as represented.  Notwithstanding this fact, Defendants, and each of them, have failed and

11  refused to correct the deficiencies alleged herein.

12        45.     Defendants' breach of express warranties were a substantial factor in causing the

13  harm to Plaintiffs alleged herein.  As a direct and proximate result of the failure of the products

14  to be as expressly warranted and represented by Defendants as set forth herein, Plaintiffs have

15  and will suffer damages in an amount precisely unknown but which will be proved at trial and

16  which amount Plaintiffs are informed and believe will exceed the jurisdictional minimum

17  requirement for this court.

18                          **FIFTH CAUSE OF ACTION**

19  (Breach of Implied Warranties of Merchantability and Fitness for a Particular Purpose Against
    All Defendants Including DOES 4-20, Inclusive)

20

21        46.     Plaintiffs incorporate by this reference, as though fully set forth herein,

22  Paragraphs 1-42 above, inclusive.

23        47.     In selling to Plaintiff Marine Group the MGBW Model 600C boat hoist and boat

24  handling equipment and its component parts, including but not limited to, slings, pins, aluminum

25  sling connectors, and other equipment and lifting gear, Defendants, including DOES 1-20, and

26  each of them, impliedly warranted that such equipment was of merchantable quality and was fit

27  for the particular purpose for which it was intended.

28  ///

Gordon & Rees LLP
101 W. Broadway
Suite 2000
San Diego, CA 92101

48.     At the time Plaintiff Marine Group purchased the MGBW Model 600C boat hoist and boat handling equipment and its component parts from Defendants, Defendants were in the business of selling these goods and by their occupation held themselves out as having special knowledge or skill regarding the MGBW Model 600C boat hoist and boat handling equipment and its component parts.

49.     At the time of purchase, Defendants knew or had reason to know that Plaintiff Marine Group intended to use the MGBW Model 600C boat hoist and boat handling equipment, including its component parts, for the particular purpose of hoisting and/or lifting vessels.

50.     Plaintiffs are informed and believe and thereon allege that Defendants knew or had reason to know that, at the time of purchase, Plaintiff Marine Group was relying on Defendants' skill, judgment, and expertise to select equipment and/or components that were represented to be reasonably fit for their intended purpose. Plaintiff Marine Group was justified in relying on Defendants' skill and judgment, because Defendants held themselves out as having expertise in the trade of manufacturing, designing, selling, and/or supplying equipment and components used for the purpose of joisting and lifting vessels.

51.     Defendants breached the implied warranty of merchantability because at the time the MGBW Model 600C boat hoist and boat handling equipment and its component parts were purchased from Defendants by Plaintiff Marine Group, they were not fit for the ordinary purposes for which such goods are used, were not of the same quality as similar products generally accepted in the trade, were designed and manufactured defectively, were unsafe when used in a reasonably foreseeable manner, and failed to comply with industry standards.

52.     Defendants breached the implied warranty of fitness for a particular purpose because the MGBW Model 600C boat hoist and boat handling equipment and its component parts were not suitable for the intended purpose of hoisting and lifting vessels from the water.

53.     Plaintiffs have taken reasonable steps to notify Defendants within a reasonable time of learning about the defects in the MGBW Model 600C boat hoist and boat handling equipment and its component parts that they were not suitable. Notwithstanding this fact, Defendants, and each of them, have failed and refused to correct the deficiencies alleged herein.

Gordon & Rees LLP
101 W. Broadway
Suite 2000
San Diego, CA  92101

-11-

1    54.    Defendants' breach of implied warranties was a substantial factor in causing the

2  harm to Plaintiffs alleged herein.  As a direct and proximate result of the defects and Defendants'

3  breach of implied warranties as alleged herein, Plaintiffs have and will suffer damages in an

4  amount precisely unknown but which will be proved at trial and which Plaintiffs are informed

5  and believe will exceed the jurisdictional minimum requirement for this court as alleged herein.

6                        **SIXTH CAUSE OF ACTION**

7    (Comparative Equitable Indemnity Against All Defendants Including DOES 4-20, Inclusive)

8    55.    Plaintiffs incorporate by this reference, as though fully set forth herein,

9  Paragraphs 1-52 above, inclusive.

10    56.    Defendants, including DOES 4-20, inclusive, and each of them, are legally

11  responsible, in whole or in part, for the damages suffered by Plaintiffs as a result of the failure of

12  the MGBW Model 600C boat hoist and boat handling equipment and its component parts,

13  because Defendants' tortious conduct, including but not limited to the acts of negligence, strict

14  liability, and breach of express and implied warranties alleged above, caused or contributed as a

15  substantial factor to the harm for which Plaintiffs have suffered substantial damages as alleged

16  herein.

17    57.    As a direct and proximate result of the defects and Defendants' wrongful and

18  tortious conduct as alleged herein, Plaintiffs have and will suffer damages in an amount precisely

19  unknown but which will be proved at trial and which Plaintiffs are informed and believe will

20  exceed the jurisdictional minimum requirement for this court.  In the interests of justice,

21  Defendants must be required to compensate Plaintiffs for the damages Plaintiffs have suffered,

22  are suffering, and will continue to suffer as a result of Defendants' tortious conduct.

23                        **SEVENTH CAUSE OF ACTION**

24    (Equitable Subrogation by Plaintiff National Union Against All Defendants Including DOES 4-
                                    20, Inclusive)
25

26    58.    Plaintiffs incorporate by this reference, as though fully set forth herein,

27  Paragraphs 1-55 above, inclusive.

28    59.    Plaintiff Marine Group has suffered losses for which Defendants, including

-12-

Gordon & Rees LLP
101 W. Broadway
Suite 2000
San Diego, CA  92101

FIRST AMENDED COMPLAINT
Case No. 10-CV 00846-BTM-CAB

1  DOES 4-20, inclusive, and each of them are liable and legally responsible as alleged above,

2  because said losses were caused by the wrongful acts and omissions of Defendants as alleged

3  above, including but not limited to Defendants' negligence, strict liability, and breach of express

4  and implied warranties, each of which was a substantial factor leading to the failure of the

5  MGBW Model 600C boat hoist and boat handling equipment and its component parts.

6      60.    Plaintiff National Union has compensated or will compensate Plaintiff Marine

7  Group for certain of the losses alleged herein for which Defendants are liable.

8      61.    With regard to the losses compensated by Plaintiff National Union, Plaintiff

9  Marine Group has existing, assignable causes of action against Defendants which Marine Group

10  could have asserted against Defendants had it not been compensated for those losses.

11      62.    Plaintiff National Union has suffered damages caused by the tortious acts or

12  omissions of Defendants which led to the failure of the MGBW Model 600C boat hoist and boat

13  handling equipment and its component parts.

14      63.    Justice requires that the losses suffered by Plaintiff National Union should be

15  shifted to Defendants, whose equitable position is inferior to Plaintiff National Union.

16      64.    As a proximate result of the wrongful and tortious acts and omissions of

17  Defendants, Plaintiff National Union has suffered and continues to suffer damages which will be

18  proved at trial and which Plaintiffs are informed and believe will exceed the jurisdictional

19  minimum requirement for this court.

20                         **EIGHTH CAUSE OF ACTION**

21          (Declaratory Relief Against All Defendants Including DOES 4-20, Inclusive)

22      65.    Plaintiffs incorporate by this reference, as though fully set forth herein,

23  Paragraphs 1-62 above, inclusive.

24      66.    An actual controversy exists between Plaintiffs and Defendants, including DOES

25  4-20, inclusive, and each of them, over the rights, liabilities, and duties of each of them with

26  regard to the failure of the MGBW Model 600C boat hoist and boat handling equipment and its

27  component parts and the damages caused thereby.

28      67.    Plaintiffs are informed and believe and thereon allege that Defendants, and each

-13-

Gordon & Rees LLP
101 W. Broadway
Suite 2000
San Diego, CA 92101

Gordon & Rees LLP
101 W. Broadway
Suite 2000
San Diego, CA 92101

1   of them, are responsible, in whole or in part, for the damages sustained by Plaintiffs herein as a

2   result of the failure of the MGBW Model 600C boat hoist and boat handling equipment and its

3   component parts, for the reasons alleged herein.  As such, justice requires that Defendants must

4   be required to totally or partially indemnify Plaintiffs for any and all moneys paid, and to be

5   paid, which is has incurred and continues to incur, which were proximately caused by the failure

6   of the MGBW Model 600C boat hoist and boat handling equipment and its component parts.

7       68.    Plaintiffs are informed and believe and thereon allege that Defendants, and each

8   of them, disavow any responsibility for any damages sustained by Plaintiffs as alleged herein.

9       69.    Plaintiffs request a judicial declaration of the rights, responsibilities, and

10  obligations of Defendants as to Plaintiffs with regard to the failure of the MGBW Model 600C

11  boat hoist and boat handling equipment and its component parts.

12      70.    Declaratory relief is necessary and appropriate in order that Plaintiffs may

13  ascertain their rights and duties with respect to the allegations of Defendants and to avoid

14  multiplicity of actions which would result if Plaintiffs were required to bring separate actions

15  against Defendants for indemnification and/or contribution.

16      71.    As a direct and proximate result of the wrongful and tortious acts and omissions

17  of Defendants alleged herein, Plaintiff Marine Group, and by way of subrogation, Plaintiff

18  National Union, have suffered, and continue to suffer, damages in an amount to be proved at trial

19  and which exceed the jurisdictional minimum of this Court.

20      WHEREFORE, Plaintiffs Marine Group, LLC and National Union Fire Insurance

21  Company of Pittsburgh, Pennsylvania, as subrogee, pray for judgment against Defendants and

22  each of them, as follows:

23      1.    For general and special damages, including but not limited to the damage to the

24  Vessel, the costs for repair of the Vessel; claims for loss of use of the Vessel; crew wages of the

25  crew of the Vessel; towing charges; surveyor costs and fees incurred by the Vessel owner; and

26  other damages as alleged by the owners of the Vessel; and for loss of use of Marine Group's boat

27  yard; Marine Groups' lost profits; Marine Group's loss of business goodwill; and costs of

28  repairing the MGBW Model 600C Marine Travelift boat hoist and boat handling equipment,

-14-

1  against all Defendants in a sum according to proof and in excess of the jurisdictional minimum

2  of this Court;

3      2.      Pre-judgment interest at the legal rate, for all damages reasonably ascertainable;

4      3.      For attorneys' fees and costs of suit incurred herein; and

5      4.      For such other and further relief as the Court deems just and proper.

6  **DEMAND FOR JURY TRIAL**

7      Plaintiffs hereby demand trial by a jury on all issues which may be tried by a jury.

8  DATED: September _29_, 2011         GORDON & REES LLP

9

10                          By: _/s/ Russell P. Brown_

                                 Russell P. Brown

11                                  Attorneys for Plaintiffs THE MARINE

                                 GROUP, LLC dba MARINE GROUP

12                                  BOAT WORKS and NATIONAL

                                 UNION FIRE INSURANCE CO. OF

13                                  PITTSBURGH, PENNSYLVANIA

                                 E-mail: RBrown@gordonrees.com

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Gordon & Rees LLP
101 W. Broadway
Suite 2000
San Diego, CA 92101

FIRST AMENDED COMPLAINT
Case No. 10-CV 00846-BTM-CAB