

FILED

'2012 APR -6 PM 3:26

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE MARINE GROUP, LLC dba MARINE GROUP BOAT WORKS and NATIONAL UNION FIRE INSURANCE CO. OF PITTSBURGH, PENNSYLVANIA,<br><br>Plaintiffs,<br><br>vs.<br><br>MARINE TRAVELIFT, INC.; OLSON FABRICATION, INC. ALL-LIFT SYSTEMS, INC.; and DOES 1-20,<br><br>Defendants. | CASE NO. 10cv846-BTM (KSC)<br><br>**ORDER:**<br><br>**(1) DENYING MOTION TO COMPEL DISCOVERY**<br><br>**(2) GRANTING IN PART AND DENYING IN PART THIRD PARTY DEFENDANT'S EX PARTE APPLICATION TO CONTINUE SCHEDULING DATES**<br><br>[Doc. Nos. 127 & 135.] |

Before the Court are two motions. The first is Plaintiffs' Motion to Compel Marine Travelift, Inc.'s ("MTL") compliance with an Order previously issued by Magistrate Judge Bencivengo on December 22, 2011. [Doc. Nos. 116 & 127.] MTL has filed an Opposition. [Doc. No. 129.] For the reasons stated below, the Court **DENIES** this motion.

The second motion is by Third-Party Defendant, Seymour Machine, requesting a continuance of the scheduling dates. [Doc. No. 135.] Plaintiff has filed a Motion of Non-Opposition. [Doc. No. 137.] For the reasons stated below, the Court **GRANTS IN PART AND DENIES IN PART** this motion.

///

# BACKGROUND

Plaintiff Marine Group, LLC, ("Marine Group") is a boat and superyacht repair facility in Chula Vista, California. [Doc. No. 75]; Amended Complaint ("Compl."), ¶ 13. Plaintiff National Union Fire Insurance Co., is the Marine Group's general liability insurer, covering loss or damage to property during business operations. *Id.* ¶ 14. Defendants, collectively MTL, are sellers, and/or manufacturers, designers, suppliers and distributers of the MGBW Model 600C boat hoist and boat handling equipment. *Id.* ¶ 15.

On January 19, 2009, Marine Group was lifting a motor yacht out of the water using the MGBW boat hoist when the hoist allegedly malfunctioned, allowing the vessel to hit the sea wall and fall back into the water. Both the vessel and equipment were damaged in the incident. Compl. ¶ 16. Plaintiffs filed this action, claiming the boat hoist and handling equipment failed due to "improper design, manufacture, supply, instructions, testing, warnings, and other wrongful acts . . .." *Id.* ¶ 18.

On August 3, 2010 Judge Bencivengo issued a Scheduling Order setting discovery and pretrial dates. [Doc. No. 23.] On September 29, 2011, Marine Group filed an Amended Complaint adding new parties to the action: ExacTech, Inc., Just In Time Corp., and Southern Weaving Company. [Doc. No. 75.] Accordingly, Judge Bencivengo issued a Second Amended Scheduling Order on October 24, 2011, moving the discovery deadline, among others, to April 27, 2012. [Doc. No. 91.] On December 13, 2011, Just In Time Corp. ("JIT") filed a Third-Party Complaint against Seymour Machine Corp. ("Seymour"). (Seymour's Motion to Continue ("Seymour Mot.") at 3.)

On February 8, 2012, Marine Group filed the current motion to compel discovery from MTL, with a request for sanctions. [Doc. No. 127.] On February 13, 2012, this case was transferred from the docket of Judge Bencivengo to the docket of Judge Skomal. [Doc. No. 128.] Thereafter, on February 21, 2012 MTL filed an Opposition to the motion to compel. [Doc. No. 129.] On March 14, 2012, Seymour filed its current motion to continue scheduling dates. [Doc. No. 135.] On March 19, 2012, the case was transferred to this Court from the docket of Judge Skomal. [Doc. No. 136.] On March 22, 2012, Marine Group filed a Notice of Non Opposition to Seymour's request for continuance of dates. [Doc. No. 137.]

///

## DISCUSSION

I. **Marine Group's Motion to Compel Discovery from MTL and Request for Sanctions**

On July 26, 2011, Marine Group served its second set of Requests for Production of Documents on MTL. [Doc. No. 116 at 1.] On November 17, 2011, Marine Group filed a motion to compel further responses to this second set of requests, arguing MTL had initially "submitted false, evasive, non-responsive, incomplete, identical, boilerplate responses" to each and every request. [Doc. No. 101.] On December 16, 2011, Judge Bencivengo held a hearing on the motion to compel [Doc. No. 111], and thereafter issued an Order granting the motion and requiring, among other things, MTL to produce "a privilege log, or a supplemental log, for any responsive documents withheld based on the attorney-client privilege or work product protection no later than **January 27, 2012**."

Marine Group now argues MTL has not complied with Judge Bencivengo's Order and has "never provided a privilege log." (Marine Group's Motion to Compel ("Mot. to Compel") at 1.) MTL responds that the privilege log it issued in answer to Marine Group's first set of requests for production also applied to the privileged material in the second set of requests because the requests were similar. (Opposition ("Opp.") at 2.) MTL further states that at a status hearing held by Judge Bencivengo on January 27, 2012, the same day as a privilege log was due, the Court found MTL had complied with the ordered discovery requests "but did order there be an additional production on or before February 17, 2012 but limited in scope." (Opp. at 2.) MTL asserts that in complying with the additional search and production, it prepared an updated privilege log addressing the additional documents produced and served the log on Marine Group on February 17, 2012, as ordered. (*Id.*)

(a) *Meet and Confer*

MTL states that Marine Group did not call to discuss its concern about the privilege log prior to "unilaterally" filing this motion to compel. (Opp. at 3.) The meet and confer obligation is mandated by the rules of this Court and as such the Court will normally refuse to adjudicate discovery disputes for which the parties have not met and conferred in good faith. *See* Fed. R. Civ. P. 37(a)(1) (movant must certify parties have met and conferred); L.Civ.R 26.1a (court will not entertain motions to compel unless parties have previously met and conferred). Although at this juncture it is more expeditious to address the current motion, the Court hereby places the parties on notice that further requests for

intervention in the parties' discovery disputes will not be entertained unless the parties certify that they have first met and conferred in good faith. The Court further directs the parties to its online chambers' rules requiring that a joint motion be filed in matters involving discovery disputes.[1]

(b)     *Merits of Motion*

If parties are unable to resolve their discovery disputes, the Court will apply the Federal Rules of Civil Procedure to secure a "just, speedy, and inexpensive determination" of the matters presented. Fed. R. Civ. P. 1. Rule 26 provides the scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.

Fed. R. Civ. P. 26(b)(1).

Judge Bencivengo ordered MTL to provide a declaration stating that for each of the document requests a diligent search had been made and all responsive documents had either been produced or MTL determined it had no responsive documents. [Doc. No. 116 at 2.] Judge Bencivengo's Order also stated that if responsive arguments were withheld based on the attorney-client privilege or work product protection, they should be accompanied by a privilege log to be produced no later than January 27, 2012. [*Id.* at 3.] On the same day as the privilege log was due, January 27, 2012, Judge Bencivengo held a telephonic conference "to address the status of the production" she had ordered previously. [Doc. No. 124.] In an Order following the Status Conference the Judge found that the "declaration and production was served in accordance with the [previous] order." [Doc. No. 125 at 2.] However, the Judge narrowed the scope of design and engineering documents sought by Marine Group and ordered further production of those documents. [Doc. No. 125 at 4.] The deadline for production was set for February 17, 2012. [*Id.*] On that date, MTL timely filed responses to the ordered discovery and provided Marine group with an updated privilege log. (Opp. at 2.)

Marine Group's statement that MTL has "never provided a privilege log" does not account for the initial privilege log MTL produced (which MTL argues applies to Marine Group's second set of

---

[1] Marine Group further neglected to comply with Local Rules by failing to obtain a hearing date for its current motion. L.Civ.R 7.1.

responses)[2] or the updated privilege log produced on February 17, 2012. Indeed, Marine Group's Motion to Compel was filed on February 8, 2012, prior to the submission of the second privilege log. Marine Group asserts that MTL can not plausibly argue it did not produce a privilege log due to a lack of documents that are privileged because MTL's initial boilerplate responses all stated that Marine Group sought documents that were "protected by attorney-client and work-product privileges." (Mot. to Compel at 1.) Clearly, MTL is not making this argument. MTL's position is that they *have* provided sufficient logs for the documents that they have withheld on privilege grounds. (Opp. at 2.) Thus, Marine Group's allegation that "there are documents [MTL] has not produced based on the assertion of a privilege" appears speculative based on the information presented in this motion. If Marine Group seeks to dispute the privilege logs, it will need to file another motion outlining exactly which responses are in issue and why the MTL privilege log is deficient. However, any such motion shall be in the form of a joint motion for determination of discovery disputes outlined in the chambers' rules online. At this juncture, the Court does not find good cause to compel MTL to provide further documents or privilege logs. Accordingly, the Court finds there is no basis to order payment of sanctions.

## II.    Third-party Defendant's Motion to Continue Scheduling Dates

Third-party Defendant Seymour seeks a six month continuance of the scheduling deadlines, claiming it would suffer prejudice in conducting discovery under the current schedule. [Doc. No. 135.] A notice of Non-Opposition has been filed by Marine Group. [Doc. No. 137.]

Pursuant to Federal Rule of Civil procedure 16(b), a scheduling order "shall not be modified except upon a showing of good cause . . . ." Primarily the good cause standard focuses on whether existing scheduling deadlines cannot be reasonably met despite the diligence of the party seeking an extension. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "Although the existence or degree of prejudice to the [other] party [] might supply []reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Id.* (internal citation omitted).

---

[2] According to MTL, its responses to Marine Group's second set of requests included references to prior requests for which a privilege log had been provided. (Opp. at 2.)

This case has been pending in federal court since its removal from state court on April 21, 2010. [Doc. No. 1.] Seymour was served with the Third-Party Complaint on December 13, 2011 and filed an Answer on January 19, 2012. [Doc. No. 120.] The operative Scheduling Order [*Second Amended Case Management Order*; Doc. No. 91] provides a deadline of April 6, 2012 for expert designation, a fact discovery deadline of April 27, 2012, and an expert discovery deadline of June 29, 2012, among others. Thus, from the time of the filing of the Answer, Seymour was faced with a three to four month timeline for meeting the deadlines mentioned. Generally, the Court would afford approximately six months for expert designation, five months for fact discovery, and seven months for expert discovery. An extension of an additional six months would extend these deadlines well beyond the normal and unnecessarily delay the progress of this case. The Court will grant Seymour's request for an extension of scheduling deadlines but only by two months.

## CONCLUSION

Based on the above discussion, the Court **HEREBY ORDERS** the following:

1. Plaintiff Marine Group's Motion to Compel Discovery and for Sanctions is **DENIED**.
2. Third Party Defendant Seymour's Motion to Extend Scheduling Deadlines is **GRANTED IN PART AND DENIED IN PART**.
3. The Court will issue a new Scheduling Order concurrent with this Order, entitled Third Amended Scheduling Order, containing modified pretrial deadlines.

**IT IS SO ORDERED.**

Date: 4/6/12

Karen S. Crawford
United States Magistrate Judge