# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARINE GROUP, LLC d.b.a. MARINE GROUP BOAT WORKS; and NATIONAL UNION FIRE INSURANCE CO. OF PITTSBURGH, PENNSYLVANIA., <br><br> Plaintiffs, <br><br> v. <br><br> MARINE TRAVELIFT, INC.; ALL-LIFT SYSTEMS, INC.; OLSEN FABRICATION, INC.; EXACTECH, INC.; JUST IN TIME CORP.; SOUTHERN WEAVING CO.; and DOES 4-20, <br><br> Defendants. | Case No. 10cv00846 BTM (CAB) <br><br> **ORDER GRANTING PLAINTIFFS' MOTION TO DISMISS DEFENDANT EXACTECH'S AMENDED COUNTERCLAIMS** |
| EXACTECH, INC., <br><br> Counterclaimant, <br><br> v. <br><br> MARINE GROUP, LLC d.b.a. MARINE GROUP BOAT WORKS; and NATIONAL UNION FIRE INSURANCE CO. OF PITTSBURGH, PENNSYLVANIA., <br><br> Counterdefendants. | |

Pending before the Court is Plaintiffs' motion to dismiss the amended counterclaims of Defendant ExacTech, Inc. ("ExacTech"). For the reasons set forth herein, the Court GRANTS Plaintiff's motion (Doc. 112) in its entirety.

//

**BACKGROUND**

This lawsuit arises out of a January 19, 2009 accident involving the alleged failure of a boat hoist and boat handling equipment (the "boat lift") and the resulting fall of a large motor yacht from a suspended state into a concrete sea wall.  Plaintiffs (the boat repair facility operating the boat lift at the time of the accident, and its insurance company) claim that the boat hoist and boat handling equipment "were manufactured, designed, supplied, sold, and distributed" by all Defendants (including ExacTech), "and each of them." (Doc. 75, Amended Complaint, at ¶ 15.)  Plaintiffs seek damages, declaratory relief, prejudgment interest, and attorneys' fees and costs against all Defendants on multiple theories, including negligence, strict products liability, breach of express and implied warranty, and equitable subrogation.

On November 29, 2011, ExacTech filed its amended answer (Doc. 103), which included cross claims against other Defendants and counterclaims against Plaintiffs under three causes of action, respectively entitled "Contributory Negligence/Comparative Fault," "Bad Faith," and "Declaratory Relief."

**DISCUSSION**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) should be granted only where a plaintiff's complaint lacks a "cognizable legal theory" or sufficient facts to support a cognizable legal theory. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988).  When reviewing a motion to dismiss, the allegations of material fact in plaintiff's complaint are taken as true and construed in the light most favorable to the plaintiff.  See Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995).  Although detailed factual allegations are not required, factual allegations "must be enough to raise a right to relief above the speculative level." Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007).  "A plaintiff's obligation to prove the 'grounds' of his 'entitle[ment] to relief' requires more than

labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id.

All three of ExacTech's asserted causes of action fail to state a claim upon which relief can be granted. The Court addresses each in turn.

### a. First cause of action: "Contributory Negligence/Comparative Fault"

Exactech claims in its first cause of action that if it is "found liable" and it "is required to pay damages . . . , [it] is entitled to contribution from Counter-Defendants in an amount based on [their] comparative fault." (Doc. 103 at 17.)

This cause of action fails to state a claim upon which relief can be granted as to the counterclaim against Plaintiffs, because it mirrors ExacTech's affirmative defenses and does not seek any affirmative relief (i.e., this cause of action cannot exist independently; it is based entirely upon the claims asserted against ExacTech). See generally Fed. R. Civ. P. 13; see also Allstate Ins. Co. v. Pira, No. C 11-3511, 2012 WL 1997212, at *5 (N.D. Cal. June 4, 2012) ("Courts have . . . discretion to dismiss counterclaims under Fed. Rule Civ. Pro. 12(f) where they are either the 'mirror image' of claims in the complaint or redundant of affirmative defenses." (citation and quotation marks omitted)).

The substance of Exactech's first cause of action is properly presented as an affirmative defense pursuant to Rule 8 of the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 8(c)(1) (enumerating "contributory negligence" as an affirmative defense to be pleaded pursuant to Rule 8). Thus, the Court dismisses the first cause of action in Exactech's counterclaim against Plaintiffs, and shall treat the affirmative defense raised therein "as though it were correctly designated" as such. See Fed. R. Civ. P. 8(c)(2).

//
//
//
//

### b. Second cause of action: "Bad Faith"

ExacTech's second cause of action alleges that ExacTech was not involved with "the manufacture, production, supply or marketing" of the boat lift, and that "thorough discovery" has failed to produce any "evidence, material, admissible or otherwise to support any of the eight causes of action" brought by Plaintiffs against ExacTech. (Doc. 103 at 17.) On that basis, ExacTech demands a recovery of all litigation expenses on the ground that Plaintiffs acted with "intentional dishonesty and vexatious, wanton, oppressive, and bad faith" conduct in filing their First Amended Complaint. (Id. at 18.)

In opposition to Plaintiffs' motion to dismiss, ExacTech is unable to cite any authority supporting the existence of an independent cause of action for bad faith filing. (See Doc. 118 at 3-4.) Rather, ExacTech's citations stand for the uncontroversial proposition that attorneys' fees and costs are available as a remedy for bad faith filing of a complaint. (Id.) However, all these cases address requests for fees and costs raised in the context of a motion for sanctions. Since ExacTech's second cause of action essentially alleges that Plaintiffs failed to comply with the requirements of Rule 11, the Court dismisses the second cause of action. If ExacTech wishes to seek attorneys' fees and costs based on its allegations of bad faith filing, it must do so by filing a motion that comports with the requirements of Rule 11. See Fed. R. Civ. P. 11(c)(2).[1]

//
//
//

---

[1] Plaintiffs are correct that if ExacTech's second cause of action is to be construed as a claim for malicious prosecution under California law, it must be dismissed on the ground that a party may not bring a claim for malicious prosecution in the same action in which it is being maliciously prosecuted. See Babb v. Superior Court, 3 Cal. 3d 841, 845-46 (1971) ("It is hornbook law that the plaintiff in a malicious prosecution action must plead and prove that the prior judicial proceeding of which he complains terminated in his favor. . . . Because of this requirement, it is obvious that a defendant cannot cross-complain or counterclaim for malicious prosecution in the first or main action . . . , since a claim cannot state a cause of action at that stage of the proceedings. This appears to be the rule, not only in California, but generally." (citations omitted)).

  <u>c.</u>  <u>Third cause of action: "Declaratory Relief"</u>

  In its third cause of action, ExacTech seeks a declaratory judgment that (a) Plaintiffs are liable in contributory negligence and comparative fault; (b) Plaintiffs are liable for attorneys' fees and costs as a result of their bad faith conduct in filing their complaint; and (c) that the First Amended Complaint, as well as ExacTech's cross claims and counterclaims, "invoke the admiralty jurisdiction of this court . . . and the preemptive application of the general maritime law." (Doc. 103 at 18-19.)

  ExacTech's claims for declaratory relief as to (a) and (b) in the preceding paragraph are duplicative of ExacTech's first two causes of action, and the Court accordingly dismisses them. With regard to ExacTech's third request for declaratory relief, the choice of law applicable to a particular claim or case is not the proper subject matter for a declaratory judgment, and the Court dismisses the third request as well. See Calderon v. Ashmus, 523 U.S. 740, 749 (1998) (holding that declaratory judgment is appropriate only where it would "completely resolve" a concrete controversy, and not where it would merely "carve out one issue in the dispute for separate adjudication").

## **CONCLUSION**

  For the reasons set forth above, the Court DISMISSES each of ExacTech's counterclaims.

**IT IS SO ORDERED.**

DATED: July 6, 2012

*Barry Ted Moskowitz*
BARRY TED MOSKOWITZ, Chief Judge
United States District Court