FILED

12 OCT 29 PM 3: 35

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE MARINE GROUP, LLC dba MARINE GROUP BOAT WORKS and NATIONAL UNION FIRE INSURANCE CO. OF PITTSBURGH, PENNSYLVANIA,<br><br>Plaintiffs,<br><br>vs.<br><br>MARINE TRVELIFT, INC.; OLSON FABRICATION, INC. ALL-LIFT SYSTEMS, INC.; and DOES 1-20,<br><br>Defendants. | CASE NO. 10cv846-BTM (KSC)<br><br>**ORDER DETERMINING DISCOVERY DISPUTE**<br><br>[Doc. No. 169.] |

On October 10, 2012, the parties filed a Joint Motion Regarding Deposition of Defendants' Expert, Bradley Closson. [Doc. No. 169.] Mr. Closson was deposed by plaintiffs for 5 hours and 19 minutes on September 21, 2012 before plaintiffs brought an end to the deposition at 5:00 p.m. [*Id.* at 4.] Plaintiffs now claim defendants should be ordered to produce Mr. Closson for a continuance of the deposition and that they need in excess of seven hours to fairly examine Mr. Closson. [*Id.* at 2-3.] Defendants counter that plaintiffs were given the opportunity to continue deposing Mr. Closson on September 21, for the full seven hours, but did not do so with the intention of seeking more time from the Court.

Federal Rule of Civil Procedure 30(d)(1) states that the Court "must allow additional time [] [over seven hours] if needed to fairly examine the deponent...." The Advisory Committee Notes on

1  the 2000 Amendments to Rule 30(d)(1) further provide that "The party seeking a court order to extend
2  the examination, or otherwise alter the limitations, is expected to show good cause to justify such an
3  order." *See Tatum v. Schwartz*, 2008 WL 298824 (E.D. Cal) (breadth of subjects and attendant
4  documentation specifically outlined by counsel constituted good cause to expand deposition time).
5  Here, plaintiffs summarily contend "Mr. Closson was intentionally evasive in his answers and
6  therefore prolonged the deposition." [Doc. No. 169 at 3.] Plaintiffs do not outline to which questions
7  they refer and in what way Mr. Closson was evasive. Absent further support for their claim, plaintiffs
8  have not shown good cause for an extension of the deposition beyond seven hours.
9      Accordingly, the Court **HEREBY ORDERS**:
10     1. Plaintiff's request for in excess of seven hours to depose Mr. Closson is **DENIED**.
11     2. Plaintiff may conduct a continued deposition of Mr. Closson **limited to one hour and 40**
12  **minutes**,[1] if plaintiffs pay the legal fees for time spent in the second phase of the deposition for all
13  counsel of record who attended the previous deposition and who will attend a continued deposition,
14  the expert fees for time spent at the continued deposition, and the court reporter's costs associated with
15  the taking of the deposition.
16     **IT IS SO ORDERED**.
17  Dated: 10/26/12

Karen S. Crawford
United States Magistrate Judge

---

[1] This is the time remaining after the 5 hours and 19 minutes of the seven hours to which plaintiffs are entitled. [Doc. No. 169 at 4.]